J-S02041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| WENDY JONES-KEAHEY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GEORGE B. KEAHEY | |
| Appellant | No. 373 EDA 2015 |

Appeal from the Order Entered November 18, 2014
In the Court of Common Pleas of Delaware County
Domestic Relations at No: 2009-003221/PACSES 164111368

BEFORE: SHOGAN, LAZARUS, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **Filed March 21, 2016**

Appellant, George B. Keahey ("Husband"), appeals *pro se* from the November 18, 2014 order incarcerating him for contempt of court. We affirm.

Husband filed a complaint in divorce on November 30, 2009. On three occasions—March 15, 2011, June 19, 2013, and November 18, 2013, the trial court ordered Husband to pay counsel fees to Appellee, Wendy Jones-Keahey ("Wife"). Husband failed to comply with all three orders and Wife filed a petition for contempt. The trial court conducted a hearing on the contempt petition on March 5, 2014. On March 12, 2014, the trial court entered an order finding Husband in contempt and ordering him to pay the outstanding attorneys' fees plus an additional amount attendant to the contempt proceeding. The trial court denied Husband's motion for

reconsideration of that order. Husband filed an appeal challenging the merits of the March 12, 2014 contempt order. This Court affirmed in an unpublished memorandum filed on April 24, 2015. **Keahey v. Keahey**, 121 A.3d 1140 (Pa. Super. 2015) (952 EDA 2014).

While the appeal of the March 12, 2014 order was pending, the trial court, at Wife's request, scheduled a sanctions hearing for November 18, 2014. At the conclusion of the hearing, the trial court ordered Husband incarcerated until he paid a purge amount of $11,276.00 plus $500.00 in counsel fees for the November 18, 2014 sanctions hearing. Husband paid and was released from incarceration on November 19, 2014. In this appeal, Husband argues the trial lacked authority to impose sanctions while the underlying March 12, 2014 order was on appeal.[1]

We conclude the trial court did not err in enforcing its contempt order while that order was on appeal. Husband relies solely on Pa.R.A.P. 1701(a), which provides: "Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or

_____

[1] Husband is vague as to the relief he seeks, simply requesting "reversal" of the November 18, 2014 order. Husband's Brief at 9. The purge amount helped satisfy a debt whose validity this Court upheld in our memorandum of April 24, 2015. Thus, it is not at all clear that reversal of the order on appeal would entitle Husband to recoup that amount. We cannot order Husband's release from prison, as his imprisonment lasted only one night. At most, a favorable outcome in this appeal would render Husband's brief incarceration erroneous and perhaps entitle him to recoup the attorneys' fees associated with the November 18, 2014 hearing.

other government unit may no longer proceed further in the matter."

Pa.R.A.P. 1701(a). Husband ignores Rule 1701(b)(2), which provides that a

trial court can "enforce any order entered in the matter, unless the effect of

the order has been superseded as prescribed in this chapter." Pa.R.A.P.

1701(b)(2). Chapter 17 of the Rules of Appellate Procedure contains a rule

governing *supersedeas* in domestic relations matters:

> **(a) General rule.** Except as provided by subdivision (b),
> an appeal from an order involving solely the payment of money
> shall, unless otherwise ordered pursuant to this chapter, operate
> as a supersedeas upon the filing with the clerk of the lower court
> of appropriate security in the amount of 120% of the amount
> found due by the lower court and remaining unpaid. Where the
> amount is payable over a period of time, the amount found due
> for the purposes of this rule shall be the aggregate amount
> payable within 18 months after entry of the order.

> **(b) Domestic relations matters.** An appeal from an
> order of child support, spousal support, alimony, alimony
> pendente lite, equitable distribution **or counsel fees** and costs
> shall operate as a supersedeas only upon application to and
> order of the trial court and the filing of security as required by
> subdivision (a). The amount and terms of security shall be within
> the discretion of the trial court.

Pa.R.A.P. 1731 (emphasis added). Husband fails to address Rule 1731 and

fails to explain whether he applied for *supersedeas*. We could reject

Husband's argument on that basis alone. In any event, our review of the

docket indicates that Husband applied for *supersedeas* and the trial court

granted the application on June 27, 2014. The trial court vacated the June

27, 2014 order on September 30, 2014, noting that Husband failed to meet

the criteria for *supersedeas*. Wife asserts that Husband failed to post

appropriate security. Wife's Brief at 7. We find nothing in the record to indicate Husband posted the required security.[2] Under the circumstances of this case, the trial court had authority to enforce its order pursuant to Rule 1701(b)(2). Husband's argument to the contrary lacks merit.

Husband also argues that the trial court erred in imposing $500.00 in counsel fees in addition to the purge amount. Husband's Brief at 7-8. Husband fails to cite any authority for this argument, and therefore has waived it. Pa.R.A.P. 2119(b); *In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012), *appeal denied*, 56 A.3d 398 (Pa. 2012).

Finally, Husband argues the trial court erred in failing to conduct a hearing to determine whether he had the present ability to pay the purge amount. On the contrary, the docket indicates that in an order of October 23, 2014, the trial court directed Husband to bring documentation of his year-to-date income and expenses and his 2013 tax return, among other things, to the November 18, 2014 hearing. At the hearing, after the trial court referenced the October 23 order, Husband introduced exhibits documenting his financial status. N.T. Hearing, 11/18/14, at 6-7. The trial

---

[2] The docket from Husband's appeal at 952 EDA 2014 reveals that, on July 15, 2014, Husband filed in this Court an emergency application for stay of execution of the trial court's contempt order. *See* Pa.R.A.P. 1732. This Court denied that application the next day, noting that Husband failed to satisfy the requirements for a stay set forth in *Pennsylvania Pub. Util. Comm'n v. Process Gas Consumers Grp.*, 467 A.2d 805, 808-09 (Pa. 1983). Order, 7/16/14.

court previously assessed Husband's ability to pay, but the court scheduled the November 18 hearing so that Husband could provide updated financial information. *Id.* at 6. The parties spent the bulk of the hearing addressing Husband's finances. Husband satisfied the purge amount shortly after the trial court incarcerated him. Finding no merit in any of Husband's arguments, we affirm the trial court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/2016